**Scott McLARTY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Nos. 3–89 CIV 538, 3–89 CIV 539.**

United States District Court, D. Minnesota, Third Division.

Dec. 10, 1991.

Gregg A. Greenstein, Waller, Mark & Allen, Denver, Colo., for plaintiff.

Stuart D. Gibson, U.S. Dept. of Justice, Washington, D.C., for defendant.

## ORDER

ALSOP, Chief Judge.

The plaintiff Scott McLarty filed the above actions under 26 U.S.C. § 7431, alleging that officers or employees of the United States had illegally disclosed his "return information," in violation of 26 U.S.C. § 6103. He claims damages from the United States. The cases have been consolidated.

The essential facts giving rise to the cases are set forth in detail in this court's order of July 3, 1990 and need not be repeated here. *See McLarty v. United*

*States,* 741 F.Supp. 751 (D.Minn.1990). Under the court's order of July 3, 1990 and a later order filed on January 14, 1991, the court delineated the three disclosures that are at issue in the actions as follows:

1. The disclosure from IRS Special Agent Patrick Henry ("Henry") to former Assistant United States Attorney Donald M. Lewis ("Lewis");

2. The disclosure from Lewis to Senior Judge Edward J. Devitt; and

3. The disclosure from Lewis to the plaintiff's local counsel, Bruce Hanley.

The July 3, 1990 order was issued in response to defendant's motion for summary judgment. The defendant argued that the disclosures were authorized by 26 U.S.C. § 6103. As a secondary position, the defendant argued that even if the disclosures were not so authorized, that under 26 U.S.C. § 7431(b), the disclosures were made pursuant to a good faith, but erroneous belief that they were authorized by section 6103 which immunized defendant from liability.[1]

In the July 3, 1990 order, this court held that the three disclosures at issue were not authorized by section 6103, and partial summary judgment was granted for the plaintiff on that issue. On the secondary issue of a good faith defense, the defendant urged the court to apply a strict objective test "whether a reasonable IRS agent or Assistant United States Attorney would have been acquainted with the statute and ... would have known that the disclosures violated these provisions." The plaintiff argued that the defendant could rely upon the good faith defense only if Henry and Lewis actually relied upon section 6103 in making the disclosures.

The court adopted a test containing both objective and subjective components, holding that "Congress intended defendants to be liable for unauthorized disclosures where the officials either knew or should have known of section 6103 and where they

knew or should have known the disclosure was unauthorized." *McLarty, supra,* at 758. The court found that the record contained disputed issues of fact on whether Henry and Lewis actually knew that the disclosures were unauthorized and thus denied the defendant's motion for summary judgment on the good faith defense issue. The court did not formally analyze the objective component of the good faith test to determine whether Henry and Lewis should have known that their disclosures were not authorized. The court likewise denied the plaintiff's motion for summary judgment on the good faith defense issue in its order of January 14, 1991.

Since this court's prior orders in these actions, the Eighth Circuit Court of Appeals has issued its decision in *Diamond v. United States,* 944 F.2d 431 (8th Cir.1991), *reh'g denied* Oct. 30, 1991. The case dealt with the "good faith" defense of 26 U.S.C. § 7431(b). In adopting an objective standard for applying that defense in actions under section 7431, the court stated the following:

Section 7431 does not define a 'good faith' interpretation of section 6103. In interpreting the predecessor statute to section 7431, 26 U.S.C. § 7217 (1976), this court adopted an objective standard for ascertaining whether section 6103 was violated in good faith. *See Rorex v. Traynor,* 771 F.2d 383, 387 (8th Cir.1985) ("Government officials performing discretionary functions are 'generally shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'") (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 [102 S.Ct. 2727, 2738, 73 L.Ed.2d 396] (1982)). We will continue to apply this standard. *See Huckaby v. United States Dep't of Treasury, Internal Revenue Serv.,* 794 F.2d 1041, 1048 (5th Cir.1986).

In *Diamond,* the court held that although the disclosures in question were not

---

**1.** 26 U.S.C. § 7431(b) provides a good faith defense as follows:

(b) No liability shall arise under this section with respect to any disclosure which results

from a good faith, but erroneous, interpretation of section 6103.

authorized by section 6103, the defendant was entitled to summary judgment because the disclosures were made "pursuant to a good faith but erroneous interpretation of section 6103" and hence the IRS's good faith precluded the plaintiff from recovering damages.[2]

Following the issuance of the *Diamond* decision, the defendant in these actions moved the court for reconsideration of the order entered on July 3, 1990. The defendant relied upon the decision in *Diamond* as the basis for reconsideration correctly pointing out that the Court of Appeals adopted a standard for applying the "good faith" defense of 26 U.S.C. § 7431(b), which differs from the standard this court adopted in its July 3, 1990 order. The defendant asserts that in applying the *Diamond* standard it is entitled to judgment as a matter of law on its defense that 26 U.S.C. § 7431(b) precludes the plaintiff from recovering damages.

Responsive to the defendant's motion for reconsideration, the plaintiff likewise requested reconsideration of the July 3, 1990 opinion and order. Plaintiff seeks judgment in his favor and against the defendant with regard to the government's "good faith" defense. Both sides agree that the matter is ripe for reconsideration and for summary disposition on the record before the court.

■ In light of *Diamond,* the issue now before the court is as follows: Did the wrongful disclosures of Henry and Lewis violate a clearly established statutory right of which a reasonable person would have known?

*Were McLarty's rights clearly established?*

Section 6103(a) of Title 26 sets forth the general rule that: "[Tax] returns and return information shall be confidential" and, except as authorized by section 6103, no officer or employee of the United States shall disclose any return or return information obtained in any manner in connection with his or her service as such an officer or employee. In its summary judgment motion, the defendant claimed that disclosure of McLarty's return information was authorized by 26 U.S.C. §§ 6103(h)(2) and (4). *McLarty,* 741 F.Supp. at 754. Section 6103(h)(2) authorizes disclosure of tax return information to United States Attorneys in matters involving tax administration, but only if the taxpayer is or may be a party to the proceedings. Section 6103(h)(4) authorizes disclosure of tax return information in a federal judicial proceedings pertaining to tax administration, only if the taxpayer is a party to the proceedings. In its order of July 3, 1990, this court held that the statutory right created by 26 U.S.C. § 7431 was violated by Henry and Lewis by making the disclosures. The inquiry now is whether or not that right was "clearly established."

The Supreme Court gave guidance as to when a right is "clearly established" in *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987) as follows:

> The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. That is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, *see Mitchell* [*v. Forsyth* ] 472 U.S. [511] at 535, n. 12, 105 S.Ct. [2806] 2820, n. 12 [86 L.Ed.2d 411;] but it is to say that in the light of preexisting law the unlawfulness must be apparent. *See, e.g., Malley* [*v. Briggs* ] *supra,* 475 U.S. [335] at 344–345, 106 S.Ct. [1092] at [1097–1098, 89 L.Ed.2d 271]; *Mitchell, supra,* 472 U.S., at 528, 105 S.Ct., at 2816; *Davis* [*v. Scherer* ] *supra,* 468 U.S. [183] at 191–195, 104 S.Ct. [3012] at 3017–3019 [82 L.Ed.2d 139].

---

2. The *Diamond* opinion states that where section 7431(b) is involved, it is the good faith of the agency, not the official, which is to be considered. Such an approach was easily made in *Diamond* where an Internal Revenue manual, *Handbook for Special Agents,* was the conduct under consideration. It seems incongruous to apply an agency standard in this case which involves individual conduct. Nevertheless, both parties to this action urge the court to apply the *Harlow* objective standard here even though it is more uniquely the conduct of the official rather than the agency that is under consideration.

We are dealing here with a statutory right which had little, if any, judicial interpretation at the time of the disclosures by Henry and Lewis. Nonetheless, in its July 3, 1990 order, this court found it "clear that McLarty, as Gorman's potential attorney in (a criminal tax case), was not a party to the proceedings." The court did not agree with "the defendant's strained analysis" that the *pro hac vice* application in which the disclosures were made constituted a "matter involving tax administration." The court also found that "the plain language and statutory history of section 6103 preclude the court from finding that a *pro hac vice* application falls within the definition of a matter involving tax administration." *McLarty, supra,* at 755.

█ The absence of case law interpreting section 6103 at the time of the disclosures is not determinative on the issue of whether the statutory right that was violated was clearly established. The *Anderson* standard does not require prior judicial interpretation as a prerequisite. It is sufficient to deem a right "clearly established" if a reasonable official would understand that what he is doing violates that right. *Johnson–El v. Schoemehl,* 878 F.2d 1043, 1048 (8th Cir.1989). Based upon the record in these cases, the court finds such to have been the case when Henry and Lewis made the disclosures plaintiff complains of. The right of McLarty not to have his tax information released was thus "clearly established."

*Objective Reasonableness*

Having found the right which was violated to be "clearly established" based upon what would have been the understanding of a "reasonable official," it seems redundant to move to the next inquiry of objective reasonableness, i.e., whether the conduct of the individual officers was "objectively reasonable." Under *Anderson,* the relevant question is whether a "reasonable" IRS officer or Assistant United States Attorney could have believed the disclosures to have been lawful in the light of clearly established law and the information possessed at the time of the disclosures. *Anderson, supra,* 483 U.S. at 641, 107 S.Ct. at 3039–3040. Clearly, an IRS agent and an Assistant United States Attorney are presumed to know as a general matter that it is improper to disclose tax return information. The Eighth Circuit suggests a common sense approach to the "objectively reasonable" analysis. *See Howard v. Adkison,* 887 F.2d 134, 140 (8th Cir.1989). It seems clear that a reasonable agent or United States Attorney would know that McLarty, as Gorman's potential attorney in the tax case, was not "a party to the proceedings," the reference obviously being to tax proceedings. Finally, it would appear that a reasonable IRS agent or Assistant United States Attorney would know that McLarty's *pro hac vice* application for admission to the court was itself not a "matter involving federal tax administration" under the statute. The government's action undertaken by IRS Agent Henry and Assistant United States Attorney Lewis violated a clearly established right. The court finds their conduct not to have been "objectively reasonable."

Having concluded that the conduct of Henry and Lewis violated McLarty's clearly established right and was not objectively reasonable, summary judgment on the issue of liability will be entered in favor of McLarty and against the government with regard to the government's good faith defense.

In denying defendant's motion for summary judgment and in granting plaintiff's motion for summary judgment, the court is of the opinion that this order involves a controlling question of law as to which there are substantial grounds for difference of opinion and that an immediate appeal from this order may materially advance the ultimate termination of this litigation. Pursuant to 28 U.S.C. § 1292, the United States Court of Appeals for the Eighth Circuit may, in its discretion, permit an interlocutory appeal of this order if defendant makes a timely application for such an appeal pursuant to the rules of the Eighth Circuit Court of Appeals.

Upon the foregoing, and all the files, records and proceedings herein,

IT IS ORDERED That:

1. Both the defendant's and the plaintiff's motion for reconsideration of this

court's order of July 3, 1990 are GRANT-ED;

2. The defendant's motion for judgment as a matter of law on its defense that 26 U.S.C. § 7431(b) precludes the plaintiff from recovering damages in these actions is DENIED; and

3. The plaintiff's motion for summary judgment with regard to the government's "good faith" defense is GRANTED.