**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 5 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

OMAR MUHAMED TUSSHANI,

Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

Defendant-Appellee.

No. 00-8031
(D.C. No. 98-CV-122)
(D. Wyo.)

**ORDER AND JUDGMENT** *

Before **SEYMOUR**, **BALDOCK**, and **LUCERO**, Circuit Judges.

Plaintiff Omar Muhamed Tusshani brought this action under the Federal
Tort Claims Act ("FTCA") alleging malpractice by government medical personnel
while he was in the pretrial custody of the Bureau of Prisons. The district court
granted summary judgment to the government on the basis that Tusshani failed to
provide reliable expert testimony that his injuries were proximately caused by the

---

* The case is unanimously ordered submitted without oral argument pursuant
to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The Court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

government's actions. We review the district court's grant of summary judgment de novo, Wolf v. Prudential Ins. Co. of Am., 50 F.3d 793, 796 (10th Cir. 1995), and its evidentiary rulings for abuse of discretion, Summers v. Missouri Pac. R.R. Sys., 132 F.3d 599, 603 (10th Cir. 1997) (decision to admit or exclude expert testimony reviewed for abuse of discretion); Sports Racing Servs., Inc. v. Sports Car Club of Am., Inc., 131 F.3d 874, 894 (10th Cir. 1997) (evidentiary rulings at summary judgment stage reviewed for abuse of discretion). Applying these standards, we affirm the district court's decision with respect to Tusshani's claim of permanent injury but reverse with respect to his claim of non-permanent injury.

In October 1996, while he was a pretrial detainee being held on federal charges, Tusshani slipped and fell at the Laramie County Detention Facility in Wyoming. He suffered a fracture of one or more of his vertebrae and paraplegia and subsequently underwent surgery on his spine. Following the surgery, he was receiving rehabilitative treatment under the care of Dr. Victoria Vernon at Spalding Rehabilitation Hospital, a private medical facility in Wyoming, when the U.S. Marshals Service petitioned the District Court in Wyoming to have him transferred to a federal facility. Over Dr. Vernon's objections, the court granted the request, and Tusshani was transferred in December 1996 to the Federal Medical Facility run by the U.S. Bureau of Prisons in Fort Worth, Texas, where he remained for the next seven months. In July 1997, he was transferred back to

the Laramie County Detention Facility for trial.  After several days in this facility, he was moved back to the Spalding Rehabilitation Hospital and placed again under the care of Dr. Vernon.  He remained at Spalding, receiving additional treatment, for three more months before the indictment against him was dismissed and he was released from federal custody.

Tusshani then brought this action against the government under the FTCA alleging that his transfer to the federal facility in Fort Worth and the care he received were negligent.  In particular, he contends that he received insufficient and inadequate physical therapy at the federal facility and that, as a result, his condition, including his ability to get around without a wheelchair, deteriorated markedly during this time.  He alleges that the government's actions caused a variety of harm and injuries including his permanent restriction to a wheelchair.

Following discovery, the government moved for summary judgment on the ground, inter alia, that Tusshani could not establish a prima facie case of medical malpractice because he could not meet his burden of proving the government's actions proximately caused his inability to ambulate.  The district court agreed, holding that the testimony of Tusshani's expert, Dr. Vernon, was insufficient under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), to establish a reliable, scientific basis for his claim that the government's negligence

"caused his current, wheelchair-bound condition." (Appellant's App. at 498.) [1]

The court therefore granted summary judgment in favor of the government.

Tusshani raises two issues on appeal. First, he contends that the district court erred in concluding that Dr. Vernon's testimony was insufficient under Daubert to establish that the government proximately caused his inability to ambulate. In his complaint, Tusshani alleged that the government's negligent provision of physical therapy while he was at the Fort Worth facility "directly and proximately resulted in the Plaintiff being permanently restricted to a wheel chair rather than having the ability to ambulate." (Appellant's App. at 6–7.) At her deposition, Dr. Vernon, whom Tusshani had designated as his expert, testified that had the therapy he had been receiving at Spalding not been interrupted by his transfer to Fort Worth, he would be more functional. However, on further questioning, she testified that she did not know of any physiological reason why a temporary cessation of physical therapy, which is essentially what Tusshani claims occurred while he was at the Fort Worth facility, would prevent him from later achieving his maximum level of ambulation through resumed therapy. The

---

[1] The district court did not resolve the question of whether Wyoming or Texas law applied to Tusshani's claim but determined that under both states' law, he had to present "expert testimony as to the appropriate standard of care, whether it was met, and whether a failure to meet the standard of care proximately caused the plaintiff's injuries." (Appellant's App. at 496 (citing Meyer v. Mulligan, 889 P.2d 509, 516 (Wyo. 1995); Blan v. Ali, 7 S.W.3d 741, 744 (Tex. Ct. App. 1999)).) Plaintiff does not challenge this determination on appeal.

district court relied on this testimony, along with the absence of any relevant neurological evidence, to hold that "Tusshani has presented no reliable expert testimony that such a failure to provide therapy caused his current, wheelchair-bound condition." ( Id. at 498.)

Under Daubert , the district court has the obligation to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." 509 U.S. at 589. We cannot say that the district court's decision to exclude as unreliable Dr. Vernon's testimony regarding causation of permanent injury constituted an abuse of discretion.

Tusshani's second contention is that even if the district court were correct in its conclusion that he did not meet his burden of proving causation with respect to his permanent injury, the court should not have granted summary judgment on the entire case because his permanent injury was only one aspect of the harm he suffered from the government's negligence. Although his argument is not particularly clear, Tusshani contends that the government's action or inaction at least caused temporary aggravation of his condition and a delay in his recovery. The district court did not address Tusshani's claim of non-permanent injury.

The government contends this argument as to non-permanent injury should be rejected because Tusshani failed to present expert opinion evidence to survive summary judgment on this issue. Because of the limited grounds on which the

-5-

government moved for summary judgment, we find it questionable whether Tusshani was obligated to present any evidence on this issue. [2] In any event, Tusshani did produce evidence of causation regarding his non-permanent injuries. Dr. Vernon testified that

> based on my training and my experience and the literature, a spinal cord injured individual should be admitted to an acute rehab facility shortly after they sustained their spinal cord injury, and the intensive therapy should be given that first six months. That's in all the textbooks. That's a standard of care.

(Appellant's App. at 168.) She described Tusshani's state on his return to Spalding from Fort Worth as "appalling" and stated that "[h]e lost a significant amount of strength in his lower extremities," he had been provided with a very ill-fitting wheelchair, his posture was poor, and he had a severe kyphosis. (Id. at 91.) She further testified that based on his history, her objective findings on physical examination, and the lack of evidence indicating he had received physical therapy at Fort Worth, it was her opinion that Tusshani had not received

---

[2] The government's opening summary judgment brief at best only vaguely asserted, without citation to relevant authority or evidence, that Tusshani could not prove causation. In its summary judgment reply brief, the government asserted, this time with citation to authority and evidence, that Tusshani could not prove it caused any permanent injury. It is thus questionable whether Tusshani was under any obligation to present evidence relating to his claim of non-permanent injury. See Tavery v. United States, 32 F.3d 1423, 1427 n.5 (10th Cir. 1994) ("When a party moves for summary judgment on ground A, his opponent is not required to respond to ground B—a ground the movant might have presented but did not.") (quotation omitted).

appropriate physical therapy at Fort Worth and that this lack of therapy caused his deteriorated condition. This condition included severely compromised mobility and "decline[] in strength and function." ( Id. at 168.) She further testified with respect to a cessation of or inappropriate therapy that "[i]t's hard work, and it's also very expensive to have to go back and recoup all the ground that you've lost in developing, you know, weakened muscles and contractures." ( Id. at 422.)

Viewing the evidence in the light most favorable to Tusshani, as the party opposing summary judgment, see Wolf, 50 F.3d at 796, we conclude that the government did not meet its burden of showing entitlement to summary judgment on Tusshani's claim that the government caused non-permanent injuries. Dr. Vernon, as plaintiff's designated medical expert, testified as to the appropriate standard of care and concluded that the government breached this standard and that the breach caused non-permanent injuries to Tusshani. Unlike the situation with respect to Tusshani's claim of permanent injury, there is no evidence undermining Dr. Vernon's opinions regarding his non-permanent injuries. Accordingly, the district court should not have granted summary judgment on this issue.

The judgment of the district court is AFFIRMED in part and REVERSED in part, and the case is REMANDED to the district court for further proceedings consistent with this order and judgment.

Entered for the Court

Carlos F. Lucero
Circuit Judge