**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 17 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT A. FERINI,

        Plaintiff - Appellant,

v.

DENVER PUBLISHING COMPANY,
a Colorado corporation,

        Defendant - Appellee.

COLORADO LEGAL INITIATIVES
PROJECT; LEGAL CENTER FOR
PEOPLE WITH DISABILITIES AND
OLDER PEOPLE,

        Amicus Curiae.

No. 97-1470

(D. Colorado)

(D.C. No. 96-Z-1786)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff and appellant Robert Ferini appeals from the grant of summary judgment to his former employer, the Denver Publishing Company, in his discrimination action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213.  We reverse and remand.

Mr. Ferini is a deaf mute who worked for eighteen years for the Rocky Mountain News.  In August of 1992 he underwent surgery to correct a visual problem, and he was placed on medical leave following the surgery.  On September 21 or 22, Mr. Ferini returned to work.  In mid-October, he began not reporting to work and, after he failed to call in or find a replacement for himself, the Rocky Mountain News suspended him for five days.  See Appellant's App. at 14-15.  On October 28, he was terminated because he failed to provide documentation of his medical disability from his doctor, or ask for a leave of absence, or report back to work following his suspension.  Id. at 17.

Following his discharge, Mr. Ferini applied for and received social security disability benefits, with a disability date of October 26, 1992.  The disability was based on deafness alone, although Mr. Ferini had claimed visual problems as well.  Id. at 31.  Mr. Ferini then brought this action under the ADA, claiming his

termination amounted to discrimination on the basis of his disability in violation of the ADA.

The Denver Publishing Company filed a motion for summary judgment, arguing that Mr. Ferini "is estopped form arguing that he is a 'qualified individual with a disability' as defined by the ADA . . . by virtue of the fact that he has applied for and received social security disability benefits—a requirement of which is that he be disabled and unable to work." Denver Publishing's Motion for Summary Judgment at 4; id. at 6. The district court granted Denver Publishing Company's motion, concluding that, based on a Tenth Circuit case and a Third Circuit case, "Mr. Ferini is barred from this ADA action because he did indeed apply and was found to be disabled for purposes of Social Security and, therefore, for purposes of ADA." Hr'g on Motion for Summary Judgment at 15; id. at 106. Mr. Ferini appeals.

Denver Publishing Company concedes on appeal, as it must, that the district court erred in finding Mr. Ferini judicially estopped from pursuing an ADA claim after filing for and receiving social security disability benefits. As we recently explained:

> We join the majority of circuits and hold that statements made in connection with an application for social security disability benefits cannot be an automatic bar to a disability discrimination claim under the ADA. Such statements may, however, constitute evidence relevant to a determination of whether the plaintiff is a "qualified individual with a disability."

Rascon v. U S West Communications, Inc., No. 96-2194, 1998 WL 223465 at *9 (10th Cir. May 6, 1998).

Denver Publishing Company argues, however, that summary judgment was nonetheless properly granted because "Mr. Ferini did not succeed in raising a genuine issue of material fact with respect to whether or not he was a qualified individual with a disability on the date of his discharge because he failed to present one scintilla of evidence that he could have performed his job with reasonable accommodation." Appellee's Br. at 4. Mr. Ferini responds that he presented no such evidence because the only basis upon which Denver Publishing Company sought summary judgment was the erroneous judicial estoppel argument.

We agree with Mr. Ferini that affirmance of summary judgment for Denver Publishing Company in this circumstance would be unfair. Denver Publishing Company's motion for summary judgment was indeed based completely upon the judicial estoppel argument, not upon any other alleged weaknesses in Mr. Ferini's case. As we have explained previously in a similar situation, "[plaintiff] was not alerted by the [defendant] below that such evidence had to be shown in order for her to avoid summary judgment. Accordingly, for us to rely on the absence of such evidence would, in effect, amount to entry of judgment sua sponte." Tavery v. United States, 32 F.3d 1423, 1427 n.5 (10th Cir. 1994); see also Malhotra v.

-4-

Cotter & Co., 885 F.2d 1305, 1310 (7th Cir. 1989) ("When a party moves for summary judgment on ground A, his opponent is not required to respond to ground B–a ground the movant might have presented but did not."). We do note, however, that on remand Mr. Ferini will be required to establish that he is a qualified individual with a disability under the ADA, if he is to proceed with his law suit. Denver Publishing Company is, of course, not foreclosed from filing a further motion for summary judgment on appropriate grounds.

For the foregoing reasons, we REVERSE and REMAND for further proceedings consistent with this opinion.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge