**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 28, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

STACEY W. BRACKENS,

      Plaintiff - Appellant,

v.

BEST CABS, INC.,

      Defendant - Appellee.

No. 04-3293
(D.C. No. 02-CV-1392-WEB)
(D. Kan.)

**ORDER AND JUDGMENT** *

Before **EBEL**, **McCONNELL**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Stacey W. Brackens, appearing pro se, appeals from the district court's order granting summary judgment in favor of Best Cabs, Inc. on his claims of racial discrimination and retaliation brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e through 2000e-17. The district court concluded that it had no subject-matter jurisdiction over the claims because Mr. Brackens was not an "employee" and Best Cabs was not an "employer" as defined in the Act. Our jurisdiction arises under 28 U.S.C. § 1291. Finding no error in the district court's rulings, we affirm.

## I.

We review a grant of summary judgment de novo. *Oestman v. Nat'l Farmers Union Ins. Co.*, 958 F.2d 303, 304 (10th Cir. 1992). In our review, we apply

> the same standard as the district court under Fed.R.Civ.P. 56(c). Summary judgment is appropriate if there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law. We examine the factual record and reasonable inferences therefrom in the light most favorable to the nonmoving party. If there is no genuine issue of material fact in dispute, we must determine whether the district court correctly applied the law.

*Lambertsen v. Utah Dep't of Corr.*, 79 F.3d 1024, 1027 (10th Cir. 1996) (quotation marks and citations omitted). "[T]he ultimate determination of employee status is a finding of law subject to *de novo* consideration by this

court." *Reich v. Parker Fire Prot. Dist.*, 992 F.2d 1023, 1025 (10th Cir. 1993) (quotation marks omitted).

## II.

A Title VII plaintiff must establish as a preliminary matter that he is an employee as defined under the Civil Rights Act and that the defendant is his employer and has more than fifteen employees. *See* 42 U.S.C. § 2000e(b), (f); *Wheeler v. Hurdman*, 825 F.2d 257, 262-63 (10th Cir. 1987); *Owens v. Rush*, 636 F.2d 283, 287 (10th Cir. 1980) (stating that the requirement that an employer have fifteen employees is jurisdictional). A hybrid test is typically applied to determine whether a Title VII plaintiff is an independent contractor or an employee. *Lambertsen*, 79 F.3d at 1028 & n.1.

> Under the hybrid test, the main focus of the court's inquiry is the employer's right to control the "means and manner" of the worker's performance. However, the hybrid test also looks at other factors, including: (1) the kind of occupation at issue, with reference to whether the work usually is done under the direction of a supervisor or is done by a specialist without supervision; (2) the skill required in the particular occupation; (3) whether the employer or the employee furnishes the equipment used and the place of work; (4) the length of time the individual has worked; (5) the method of payment, whether by time or by job; (6) the manner in which the work relationship is terminated; (7) whether annual leave is afforded; (8) whether the work is an integral part of the business of the employer; (9) whether the worker accumulates retirement benefits; (10) whether the employer pays social security taxes; and (11) the intention of the parties. No single factor is conclusive. Rather, the courts are to look at the totality of circumstances surrounding the working relationship between the parties.

*Id.* at 1028 (citations omitted).

After discovery was completed, the district court ruled that it did not have subject-matter jurisdiction over Mr. Brackens' Title VII suit because, considering the degree of control Best Cabs had over the means and manner of Mr. Brackens' performance and the totality of the circumstances, he was an independent contractor and not an employee as defined in § 2000e(f). Accordingly, the district court also held that Best Cabs was not an employer as defined in § 2000e(b), because, without counting cab drivers, Best Cabs employed less than fifteen employees. In reaching its conclusions, the district court carefully applied the factors set forth in *Lambertsen* to undisputed facts, rejecting only conclusory statements and statements not made on personal knowledge contained in Mr. Brackens' affidavits. On appeal, Mr. Brackens claims that he submitted evidence establishing that he was an employee. We address each contention below.

### A.

Mr. Brackens first complains that the district court did not address "all of the retaliatory things done to me by Best Cab[s]." Aplt. Br. at 6. The retaliatory actions allegedly included (1) Best Cabs' manager (who was also Best Cabs' owner's son) falsely reported the cab Mr. Brackens leased as stolen after he terminated the independent contractor contract, and (2) Best Cabs' manager went to Mr. Brackens' home reportedly to "kick [his] ass." *Id.* at 10, 12. Mr. Brackens

asserts that these actions, along with the following alleged facts support his claim that he was an employee and not an independent contractor: (1) he did not receive a copy of his signed independent contractor agreement; (2) he signed, but does not remember signing, a probationary notice warning that his relationship with the company as an independent contractor could be terminated if he disregarded company policy; (3) he was not given a copy of the probationary notice; and (4) Best Cabs' manager allegedly used Best Cabs vehicles for profit.

None of these alleged facts support a claim that Mr. Brackens was employed by Best Cabs instead of being an independent contractor. They therefore are not sufficient to withstand summary judgment and do not affect the relevant legal analysis. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986) (noting that a factual dispute is material only if it "might affect the outcome of the suit under the governing law").

### B.

Without citing authority for his position, Mr. Brackens next claims that it was error for the court to consider affidavits signed by non-party cab drivers who lease cabs from Best Cabs because the affidavits were notarized by Best Cabs' owner. We reject this claim. As with other evidentiary rulings, we review for an abuse of discretion a district court's decision to include or exclude evidence at the summary judgment stage. *See Sports Racing Servs., Inc. v. Sports Car Club of*

*Am., Inc.,* 131 F.3d 874, 894 (10th Cir. 1997). Applying this standard, "[w]e will not disturb the trial court's [evidentiary] determination absent a distinct showing it was based on a clearly erroneous finding of fact or an erroneous conclusion of law or manifests a clear error of judgment." *Summers v. Mo. Pac. R.R. Sys.*, 132 F.3d 599, 603 (10th Cir. 1997) (quotation marks omitted). The Federal Rules of Civil Procedure do not require that affidavits be notarized by a notary who is not associated with a party, *see* Fed. R. Civ. P. 56(e), and they were stamped with a facially-valid notary seal. Under Kansas law, "a notary public has no direct financial or beneficial interest in a transaction when the notary public acts in the capacity of an agent, employee, insurer, attorney, escrow agent or lender for a person having a direct financial or beneficial interest in the transaction," Kan. Stat. Ann. § 53-109(c), and is therefore not prohibited from notarizing a document to which he is not a party. The district court did not abuse its discretion in considering the affidavits.

C.

Mr. Brackens asserts that the following "facts" should have resulted in a legal conclusion that he was an independent contractor and not an employee: (1) Best Cabs "led/conditioned [him] to believe that [he] was an employee rather than an independent contract worker," Aplt. Br. at 7, by not giving him a copy of contracts and by terminating his lease; (2) he never "got to pick [his] own calls"

and was suspended for the rest of the day when he told the dispatcher that he didn't like that she had given him two $3.00 calls back to back, *id.* at 8; (3) he was told he had to wait a year before he could take vacation; (4) he was trained for five days before being assigned a cab to lease; (5) he "was told how to control [himself] while driving a Best Cab car, that [he] was to do the job their way," *id.*; (6) he did not drive his own vehicle or maintain the cab he leased; (7) he was not required to provide his own insurance but was required to pay his own taxes; (8) he was not allowed to subcontract calls to anyone else and no one else could drive the leased cab; (9) he was required to give free rides to Best Cabs employees and employees of Comcare, which had an account with Best Cabs; (10) Best Cabs supplied the oil for the leased cabs; (11) Best Cabs' name was on the inside and outside of all cabs and on the business cards; and (12) if someone called and requested a particular driver, they were told they had to take whomever was sent to them.

The district court rejected "fact" number one, *supra*, as a conclusory statement contradicted by the undisputed documentary evidence showing that, as a condition to leasing a cab, Mr. Brackens signed an "Independent Contractor Agreement" specifically stating that he understood he was an independent contractor and not an employee and would not be paid a wage, would not have Social Security taxes withheld, and would not be provided any type of insurance

-7-

or Worker's Compensation coverage.    *See* R. Doc. 6, Ex. B.  Any claim that Mr. Brackens was "conditioned" to believe that he was an employee is unsupported by the evidence.  We conclude that this statement is insufficient to establish an issue of intent or that Mr. Brackens was an employee.

Although the district court acknowledged the existence of "fact" number two, *supra*, the court also noted that Mr. Brackens did not controvert Best Cabs' affidavits showing that Mr. Brackens set his own hours, could take fares outside of dispatch, could independently seek fares at locations like the airport, and could choose not to drive at all.  Thus, it was uncontroverted that Best Cabs did not have control over the major aspects of Mr. Brackens' activities and he could earn fares even if he was temporarily suspended from dispatch.  It was undisputed that Mr. Brackens produced his own income by keeping all of the fares he collected.  The district court held that these undisputed facts tended to show that Mr. Brackens was more like an independent contractor than an employee on the issue of control.  We agree.

Although Mr. Brackens stated that he was told he had to wait a year before he could have a vacation in "fact" number three, Best Cabs submitted an affidavit demonstrating that the alleged "vacation" Mr. Brackens referred to was a free week's use of his leased cab each year as a reward for a long-term lease, and that there was no vacation policy for cab drivers.  When Mr. Brackens did not respond

to or dispute Best Cabs' sworn statements, the district court found it uncontroverted that Best Cabs did not provide a paid vacation for cab drivers, which made the relationship more like an independent contractor than an employee. Again, we agree with this conclusion.

Regarding "fact" number six, we agree with the district court that, contrary to Mr. Brackens' claim that he did not provide his own cab for his livelihood, he in fact provided it by leasing it from Best Cabs.

As to "fact" number nine, it was uncontroverted that, in exchange for Mr. Brackens not charging a fare to Comcare and Best Cabs employees, Best Cabs reduced his lease rental payment by a discounted fare amount. We agree with the district court that, while this factor tends to support a finding of control, because Mr. Brackens could also choose not to carry any passengers at all or could take other calls instead of an employee/Comcare fare, it did not rise to the level of control exercised by a master over a servant.

The facts that Best Cabs, as part of the lease agreement, provided oil for its leased cabs, placed its name on the cabs and business cards, provided liability insurance for accidents involving the cabs, trained drivers before turning a cab over to them, and limited drivers to the specific lessor of a specific cab ("facts" numbered four, seven, eight, ten, and eleven) do not mandate or support a finding that Mr. Brackens was an employee as opposed to an independent contractor.

We agree with the district court that Mr. Brackens' statement in "fact" twelve, *supra*, that, "if someone called and asked for a certain driver, they were told that they couldn't request any special driver," Aplt. Br. at 12, was not made on personal knowledge and was therefore inadmissible. *See* Fed. R. Civ. P. 56(e); *Tavery v. United States*, 32 F.3d 1423, 1427 n.4 (10th Cir. 1994) (noting that, to be admissible for summary judgment purposes, affidavit statements must be "made on personal knowledge") (quotation marks omitted). Thus, Best Cabs' owner's affidavit stating that, "[i]f a customer calls the dispatch office and requests a specific driver, Best Cabs makes an effort to give that driver the first opportunity to take that fare," R. Doc. 54, Att. 5 at 2, was uncontroverted.

Other undisputed evidence submitted by Best Cabs showing that Mr. Brackens was an independent contractor was extensive, and we need not repeat it here. There are no genuine issues of material, historical fact. We conclude that, considering the *Lambertsen* factors, under the totality of the circumstances the district court properly concluded that Mr. Brackens was an independent contractor and Best Cabs was not an employer as defined under Title VII. The district court therefore properly dismissed the Title VII suit for lack of subject-matter jurisdiction.

The judgment of the district court is **AFFIRMED**. The mandate shall issue forthwith.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge