**F I L E D**

UNITED STATES COURT OF APPEALS

**October 12, 2005**

FOR THE TENTH CIRCUIT

STACEY W. BRACKENS,

        Plaintiff-Appellant,

  v.

BEST CABS, INC.; WALGREEN'S
INC.; WESLEY MEDICAL CENTER;
BOARD OF COUNTY
COMMISSIONERS OF SEDGWICK
COUNTY, KANSAS; GARY STEED,
Individually and in his official
capacity as Sheriff of Sedgwick
County, Kansas; REBECCA
PILSHAW, Individually and in her
official capacity as Judge of Sedgwick
County, Kansas; STATE OF
KANSAS; AMY MCCLELLAN;
EDWARD SIMS,

        Defendants-Appellees.

No. 05-3039
(D.C. No. 04-CV-1259-JTM)
(D. Kan.)

**ORDER AND JUDGMENT** [*]

Before **HENRY, ANDERSON** , and **TYMKOVICH** , Circuit Judges.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Stacey W. Brackens, appearing pro se, appeals from the district court's order dismissing his claims against defendants Best Cabs, Inc. and Amy McClellan. Upon the recommendations of the magistrate judge to whom the case was initially assigned, the district court sua sponte dismissed the claims under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Because we conclude that all claims were properly dismissed, we affirm.

**I.**

We review a § 1915(e)(2)(B)(ii) dismissal de novo. *McBride v. Deer,* 240 F.3d 1287, 1289 (10th Cir. 2001). "'[I]n reviewing the dismissal of a complaint, all well-pleaded facts, as distinguished from conclusory allegations, must be taken as true. In addition, we will take the allegations in the plaintiff's objections to the magistrate's report and recommendation as true.'" *Id.* (quoting *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989) (brackets and italics omitted)). We review the district court's discretionary decision to dismiss a plaintiff's pendent

state-law claims for abuse of that discretion. *See Baker v. Bd. of Regents,* 991 F.2d 628, 634 (10th Cir. 1993).

## II.

Since 2002, Mr. Brackens has sued Best Cabs and Ms. McClellan at least three times each. [1] In November 2002 he sued Best Cabs for retaliation and discrimination under Title VII. [2] In February 2004 and August 2004 he sued Best Cabs, Ms. McClellan, and most of the other defendants listed in the instant case for retaliation, discrimination, defamation, harassment, and false imprisonment. The suits filed in 2004 relate to Mr. Brackens's challenge to three temporary restraining orders (TROs) issued in 2003 that prohibit his contact with three women: Ms. Abushikha (who leases a taxi from Best Cabs) on June 20, 2003; Ms. McClellan (Mr. Brackens's next-door neighbor with whom he and his wife have been feuding for over three years) on July 21, 2003; and Ms. Fleming (who is allegedly Ms. McClellan's friend) on October 9, 2003. According to his 2004 complaints, Mr. Brackens was arrested and sentenced to sixty days in jail for contempt of court for violating the TRO involving Ms. McClellan when he appeared in court to challenge the TRO prohibiting contact with Ms. Fleming. He

---

[1]     Mr. Brackens also states that he has previously sued Ms. McClellan for allegedly telling lies about him in a state small-claims court. R. Doc. 1 at 12.

[2]     We recently affirmed the dismissal of this case in *Brackens v. Best Cabs, Inc.*, No. 04-3293, 2005 WL 1785328 (10th Cir. July 28, 2005).

claims his arrest and confinement were unlawful because there was no probable cause to arrest him; because he had no notice of the contempt charge, no representation at the hearing, and no opportunity to prepare a defense; and because the defendant state-court judge was not a neutral judge.

Although he appeals only from the dismissal of his claims against Best Cabs and Ms. McClellan, Mr. Brackens also sued the local sheriff and the state-court judge in both federal complaints filed in 2004, alleging violations of 42 U.S.C. § 1983 for the above-described imprisonment on the contempt charge. [3] These allegations gave the district court federal-question jurisdiction over the two suits. *See* 28 U.S.C. §§ 1331, 1343.

Just over a week after filing his February 2004 complaint, Mr. Brackens filed a voluntary motion to dismiss, seeking an order of dismissal *with* prejudice. The district court granted the motion. Mr. Brackens then filed the instant suit in August 2004. After reviewing both suits, the district court concluded that all of Mr. Brackens's claims were now barred by the doctrine of res judicata because of the previous with-prejudice dismissal. R. Doc. 16 at 4-7. The court also concluded that, even though Ms. McClellan had filed for an extension of the TRO after the court had granted Mr. Brackens's voluntary motion to dismiss the

---

[3] Mr. Brackens moved to amend his August 2004 complaint to withdraw the state-court judge as a defendant on October 29, 2004. R. Doc. 14. The district court granted the motion. R. Doc. 16 at 1.

-4-

February 2004 case, that was not an "adequate ground[] to permit [Mr. Brackens] to open a case in which he initiated dismissal." *Id.* at 6.

Mr. Brackens moved for reconsideration. He argued that, because his August complaint asserted wrongful acts that had occurred after the filing of his February complaint, his claims against Best Cabs and Ms. McClellan were not precluded by res judicata. *See Mitchell v. City of Moore*, 218 F.3d 1190, 1202-03 (10th Cir. 2000) (holding that claim preclusion does not necessarily bar a plaintiff from litigating a claim based on conduct occurring after the initial complaint was filed). On reconsideration, the district court concluded that the claims against Best Cabs merely alleged "new theories to reopen his earlier case," and declined to change its judgment. R. Doc. 29 at 3. As to Ms. McClellan, the district court refused to review the "new evidence and facts" raised in the motion for reconsideration, stating that those arguments should have been made prior to the entry of judgment. *Id.* at 4. In the alternative, the district court essentially determined that, having dismissed the § 1983 claims, it no longer possessed federal subject-matter jurisdiction. The court held that there was no showing that Ms. McClellan was a state actor or that she acted under color of state law such that the court could maintain federal-question jurisdiction over her, and that there was no diversity between the parties giving rise to diversity jurisdiction. *See id.*

Mr. Brackens appeals.

### III.

**A.  Best Cabs.**    In his August 2004 suit, Mr. Brackens sought compensation from Best Cabs for retaliation, causing false imprisonment, and stress.  *See* R. Doc. 1 at 23.  He asserted that Best Cabs was "the mother to this whole case" because Ms. McClellan would not have filed her stalking complaint that resulted in his imprisonment if Best Cabs had not allegedly told Ms. Abushikha to file the first stalking complaint in retaliation for Mr. Brackens having filed his November 2002 complaint against Best Cabs.    *Id.*  One may wonder what Mr. Brackens's problems with Best Cabs had to do with his problems with his next-door neighbor, Ms. McClellan.  Mr. Brackens explains that he informed Ms. McClellan of those problems by distributing a letter in which he complained that he had been unfairly adjudged of being Ms. Abushikha's stalker and accused the state-court judge of being unfit for judicial service.  He believes that his letter gave Ms. McClellan the idea "to file a stalking complaint of her own."    *Id.* at 11.  He claims, therefore, that his imprisonment for contempt for violating the TRO is ultimately the result of Best Cabs' alleged retaliation.

We agree with the district court that, even if we accept as true the allegations and claim of an attenuated nexus between Best Cabs' alleged actions

and an allegedly false imprisonment, because Mr. Brackens made the same claims in his February 2004 suit that was dismissed *with* prejudice, he cannot raise them in a new federal suit. *See Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505-06 (2001) (noting that using the words "with prejudice" in an order of voluntary dismissal "is an acceptable form of shorthand for an adjudication upon the merits") (quotation marks omitted). Under Rule 41(a) of the Rules of Civil Procedure, a dismissal with prejudice bars the plaintiff from the "refiling of the same claim" in the same court. *Semtek Int'l, Inc.*, 531 U.S. at 506. Although Mr. Brackens now argues that he "made a mistake in [his] wording" by requesting that the case be dismissed with prejudice and that he should be relieved from the consequences of his mistake, Aplt. Br. at 2, he never moved for relief on that basis in the district court, so we do not address his contention raised for the first time on appeal. *See Tillman ex rel. Estate of Tillman v. Camelot Music, Inc.*, 408 F.3d 1300, 1307 (10th Cir. 2005).

Mr. Brackens next asserts that two actions, which he associates with Best Cabs and which occurred after the filing and dismissal of his February 2004 complaint, preclude dismissal of his August 2004 federal suit against Best Cabs. First, he asserts that, in March 2004, Best Cabs' owner's son threatened to "kick

[his] \*\*\*." R. Doc. 1 at 23.[4]  Second, he claims that in December 2004, a taxi driver who leases a cab from Best Cabs left a text message on Mr. Brackens's wife's phone in an effort to "upset" Mr. Brackens. *Id.*  Even assuming the truth of these allegations and that they state a state-law claim upon which relief may be granted, neither allegation states a federal claim upon which relief may be granted, and no diversity exists between the parties that would give rise to federal jurisdiction. *See Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003).  The district court did not err by dismissing these pendent state-law claims, having concluded that the federal claims against the sheriff and the judge had to be dismissed.  *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").  We conclude that the district court properly dismissed the claims against Best Cabs.

**B.  Ms. McClellan**.  Mr. Brackens is similarly barred from raising the same false imprisonment and harassment claims in his August 2004 suit that were raised in the February 2004 suit against Ms. McClellan.  Mr. Brackens argues that the following claims against Ms. McClellan should not be dismissed because they

---

[4]     Mr. Brackens also used this alleged fact as a basis for his Title VII suit for retaliation against Best Cabs.   *See Brackens v. Best Cabs, Inc.*   , No. 04-3293, 2005 WL 1785328, \*2 (10th Cir. July 28, 2005) (unpublished)

occurred after February 2004: (1) he thinks that "someone from [Ms. McClellan's] home" threw a rock on the hood of his car, R. Doc. 1 at 20; (2) she told lies about him in order to request, and obtain an extension of, the TRO after a hearing, R. Doc. 7 at 2-3; (3) she put broken glass in his driveway, R. Doc. 20 at 3; and (4) she allowed her sons to fire "bottle rockets at his front door" when no one was home, *id.* We conclude that these pendent state-law claims were also properly dismissed. *See Gibbs*, 383 U.S. at 726. As the district court noted, Ms. McClellan is not a state actor, the alleged facts do not present a federal claim, and there is no diversity between the parties.

The judgment of the district court is AFFIRMED.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge