**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**August 10, 2005**

**PATRICK FISHER**
**Clerk**

MORRIS BILL TOLD,

       Plaintiff,

   and

UNITED STATES OF AMERICA, for
the use and benefit of COMTROL,
INC.,

       Plaintiff-Counter-
       Defendant-Appellee,

v.

TIG PREMIER INSURANCE
COMPANY,

       Defendant,

   and

M.T. ENTERPRISES, INC.,

       Defendant-Counter-
       Claimant-Appellant,

v.

UNITED STATES FIDELITY AND
GUARANTY COMPANY,

       Third-Party-Defendant.

No.  03-4113
(D.C. No. 2:97-CV-249-PC)
(D. Utah)

## ORDER AND JUDGMENT[*]

Before **HARTZ**, and **BALDOCK**, Circuit Judges, and **BRIMMER**,[**] District Judge.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This is a contract dispute between Comtrol, Inc. (Comtrol), a general contractor on a federal construction project, and M.T. Enterprises, Inc. (MT), one of its subcontractors. Because MT was unable to obtain a bond for the original amount of the written subcontract, Comtrol agreed to pay certain suppliers directly for a portion of the subcontract to allow a lower bond to be obtained. The relationship between the parties deteriorated due to disagreements over the scope of MT's duties, the compensation MT was to receive, and the amount of

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     The Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation.

work MT was actually performing. According to Comtrol, it eventually had to perform many of MT's contractual duties.

Comtrol eventually sued MT for damages and MT counter-claimed, believing itself to be the wronged party. Comtrol filed a motion for summary judgment to which MT responded and filed its own cross-motion for summary judgment. Comtrol's motion, supported by affidavits and documentary evidence, alleged a contract between the parties, breach of that contract by MT, damages to Comtrol from the breach, and that it was owed attorney's fees under the subcontract. MT's response and cross-motion, of course, presented a different story and were supported by documentary evidence and a one-page "Verification" by Morris Told, the president of MT, which verified the factual allegations in MT's response to Comtrol's motion for summary judgment and MT's cross-motion for summary judgment. The district court struck Mr. Told's verification on three alternative bases, leaving Comtrol's motion for summary judgment essentially unopposed. The court then granted Comtrol's summary judgment motion and MT appeals

On appeal, MT argues that striking the verification was error. In the alternative, it argues that even if the verification was properly struck, summary judgment was still improper because the subcontract between Comtrol and MT did not contain an attorney's fee provision and Comtrol's claim against MT, including

any attorney's fees owed, was paid in full by the company holding MT's performance bond. Since we believe that the verification was properly struck and the attorney fee award was proper, we exercise jurisdiction under 28 U.S.C. § 1291, and affirm.

## ANALYSIS

Under Fed. R. Civ. P. 56(c), summary judgment shall be entered by the district court:

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

"We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court." *Kinross v. Utah Ry. Co.*, 362 F.3d 658, 660 (10th Cir. 2004) (quotation omitted).

## I. The Striking of Morris Told's "Verification"

The district court struck Mr. Told's verification on three alternative grounds: (1) as a sanction against MT for failing to allow previously ordered depositions, (2) because the verification failed to comply with Fed. R. Civ. P. 56(e), and (3) as a sanction for the failure of the motion to comply with the district court's local rules. Because the district court was correct in its

determination that the verification did not comply with Fed. R. Civ. P. 56(e), we affirm on that basis and do not reach the alternative holdings.

The verification, signed by Mr. Told, read:

> I, MORRIS TOLD, have personal knowledge of the facts of the underlying dispute herein, and of the depositions and documents which have been taken and/or prepared in connection herewith. I have reviewed the Statement of Disputed/Undisputed Facts in and Exhibits to MT Enterprises, Inc.'s Memorandum in Opposition to Comtrol's Motion for Summary Judgment and in Support of Cross-Motion for Summary Judgment, and hereby state that based upon my personal knowledge, said Facts are true and correct to the best of my knowledge and information, and that the copies of the documents in the Exhibits are true and correct copies of the originals thereof, that the excerpts of taped conversations accurately reflect the substance of conversations that I was personally a party to, and that the summaries and charts prepared also accurately reflect the underlying facts. I declare the foregoing to be true to the best of my knowledge, information and belief, and under the penalty of perjury.

App. Vol. V(a) at 1195. Under Fed. R. Civ. P. 56(e), affidavits supporting or opposing motions for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Here, Comtrol's motion for summary judgment was properly supported by affidavits of the president of Comtrol, the superintendent of the construction project, and even a former employee of MT. Further, Rule 56(e) also states that:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule,

> must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

MT's response and cross-motion for summary judgment were supported only by Morris Told's verification. "To survive summary judgment, 'nonmovant's affidavits must be based upon personal knowledge and set forth facts that would be admissible in evidence; conclusory and self-serving affidavits are not sufficient.'" *Murray v. City of Sapulpa*, 45 F.3d 1417, 1422 (10th Cir. 1995) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991)); *see also Automatic Radio Mfg. Co. v. Hazeltine Research, Inc.*, 339 U.S. 827, 831 (1950) (affidavit supporting motion for summary judgment made on information and belief does not comply with Rule 56); *Tavery v. United States*, 32 F.3d 1423, 1427 n.4 (10th Cir. 1994) (Under Rule 56, statements supporting motion for summary judgment must be based on personal knowledge; "statements of mere belief must be disregarded.").

Here, Mr. Told's verification stated that he had "personal knowledge of the facts of the underlying dispute herein" but then stated only that the facts contained in MT's response and cross-motion for summary judgment were "true and correct to the best of my knowledge and information." App. Vol. V(a) at 1195. Similarly, Mr. Told only "declare[d] the foregoing [statements] to be true to the best of [his] knowledge, information and belief, and under the penalty of

-6-

perjury." *Id*. Information and belief have no place in an affidavit supporting a motion for summary judgment or a response thereto. While generally Rule 56(e)'s requirements of personal knowledge and competence to testify may be inferred if it is clear from the context of the affidavit that the affiant is testifying from personal knowledge, *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1018 (9th Cir. 1990). That is not the case here. The verification consists merely of a blanket statement that the facts in the response and cross-motion were true to the best of Mr. Told's knowledge, information and belief; it is completely devoid of particularity and detail. This form of affidavit left it to the court to attempt to discern which level of certainty went with which fact, a chore that the district court refused to undertake. The court found that it was clear that Mr. Told could not have personal knowledge of all the facts in MT's response and cross-motion and that the response and cross-motion were "filled with items that are not admissible in evidence." App. Vol. I at 30-31. The court also found that M.T.'s response and cross-motion was "riddled with inadmissible hearsay, conclusory statements and arguments, and information that [was] clearly outside [Mr. Told's] personal knowledge" and that "[s]orting them out [was] an impossibility." *Id*. at 33. Although MT argues on appeal that "[Mr.] Told clearly had personal knowledge as to whether Comtrol was properly charging certain amounts back against MT's contract, whether MT had suffered delay damages, and the like," we

agree with the district court that it is impossible to tell for certain of what facts he did or did not have personal knowledge. With the verification, however, the district court was left to guess. Consequently, the verification did not comply with Rule 56(e) and, as a result, MT's response did not set forth specific facts showing a genuine issue for trial. Since, as the district court found, Comtrol's summary judgment motion was supported by affidavits and demonstrated that there was no genuine issue as to any material fact and that MT breached its subcontract agreement with Comtrol causing Comtrol damages, summary judgment for Comtrol was proper.

## II. Enforceability of Attorney's Fee Provision

MT also argued that the district court erred in granting attorney's fees on summary judgment. The court's grant of attorney's fees was based on a provision in the subcontract between MT and Comtrol that read in part:

> The Subcontractor shall indemnify the Contractor and the Owner against, and save them harmless from, any and all loss, damage, expenses, costs, and attorneys' fees incurred or suffered on account of any breach of the provisions or covenants of this contract.

App. Vol. IV(a) at 766. The dispute arose because this provision has lines drawn through it in the contract that was signed by the parties. In the supplemental briefing that the district court had the parties submit on the issue, Comtrol argued that the change was not initialed by the parties and was not part of the contract.

They supported their argument with an affidavit of the secretary of Comtrol swearing that the handwritten markings on the contract were not part of the contract. They also submitted a letter that Comtrol's counsel appeared to have sent to counsel for the bond company in the course of settlement negotiations stating that:

> [w]hen Morris Told arrived, at Comtrol, with the subcontract, with markings on the contract, [a representative for Comtrol] specifically told Morris Told that Comtrol would not accept any changes or modifications to the contract, and would not permit or allow any provisions in the contract to be deleted from the Contract. . . . Morris Told stated that he would be willing to accept the contract as drafted . . . [and] both parties agreed that they would not "initial" any of the markings on the document and would not accept any modifications or changes.

App. Vol. VII at 2348. MT's responsive brief argued that "Comtrol accepted and signed the subcontract Agreement with [the attorney fee] language scratched out" and, therefore, "[t]he contract does not . . . contain an attorney's fee provision agreed to in writing by MT." *Id*. at 2405. MT's responsive brief was not supported by affidavits. Citing Utah case law, the district court held that a party may recover attorney's fees only when such fees are provided for by statute or contract. The court held the markings did not constitute a modification of the agreement and that the attorney fee provision was binding.

On appeal, MT presents a seven-line argument, bereft of authority and simply stating that since the attorney's fee provision had lines drawn through it

-9-

the district court should have either ruled that the contract did not provide for attorney's fees, or should have determined that the markings raised an issue of material fact that precluded the award of attorney's fees by summary judgment.

We disagree. "We apply state law to interpret contractual obligations." *Corneveaux v. CUNA Mut. Ins. Group*, 76 F.3d 1498, 1506 (10th Cir. 1996). Under Utah law:

> If the language within the four corners of the contract is unambiguous, then a court does not resort to extrinsic evidence of the contract's meaning, and a court determines the parties' intentions from the plain meaning of the contractual language as a matter of law.

*Bakowski v. Mountain States Steel, Inc.*, 52 P.3d 1179, 1184 (Utah 2002). Said another way, "a court will look to extrinsic evidence only when the contract language is ambiguous." *Id.* Here, the subcontract has lines drawn through the attorney's fee provision, but the markings are not initialed.[1] Therefore, on its face, the contract is ambiguous as to whether the parties agreed to the provision being marked out, or even when the provision was marked out. Parol evidence may therefore be introduced to ascertain the intent of the parties. Here, the parol evidence introduced by Comtrol explained that the parties had indeed signed the contract after the markings had been made, but that an oral agreement had been

---

[1] We express no opinion as to what, if any, legal effect initialing the documents would have had in this context.

reached, as well, that the markings would have no meaning or effect on the original language of the contract and that the markings would therefore not be initialed. This parol evidence as to the intent of the parties with regard to the ambiguous markings was unopposed by MT. Consequently, the district court was correct in finding that no genuine issue of material fact existed as to the enforceability of the attorney's fee provision.

CONCLUSION

We hold that the district court properly disregarded the verification of Morris Told and that summary judgement in favor of Comtrol. As to MT's assertion that the bond payment extinguished Comtrol's claims against MT, we affirm the district court's determination that Comtrol's claims were not extinguised for substantially the reasons set forth in its opinion. The judgment of the district court is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge

-11-